UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>    Plaintiff,<br><br>    v.<br><br>VIROOL.COM,<br><br>    Defendant. | Case No.  14-cv-05471-EDL<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 3 |

On December 15, 2014, Plaintiff filed this action and an application to proceed in forma pauperis ("IFP").  For the reasons set forth below, the Court ORDERS Plaintiff to show cause why this action should not be dismissed with prejudice for the filing of an untrue IFP application.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  The court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2);  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.  Neitzke v. Williams, 490 U.S. 319, 324 (1989).

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's discretion.  Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds, 506 U.S. 194 (1993).  Where a plaintiff provides untrue information on an IFP application regarding the allegation of poverty, the court must dismiss the

action and has discretion to do so with prejudice. See 28 U.S.C. § 1915(e)(2)(A) ("court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue"); Thomas v. General Motors Acceptance Corp., 288 F.3d 305, 306-308 (7th Cir. 2002) (affirming a district court's dismissal with prejudice of a suit where "the allegation of poverty was false").

Here, Plaintiff submitted an IFP application stating that he is disabled and currently unemployed, does not own a home, has a balance of about $10 in his bank account, and receives approximately $760 per month in disability. (Dkt. 3.) Plaintiff also states that he is involved in over 100 other lawsuits and appeals. (Id.) Indeed, within the past year, Plaintiff has filed numerous cases, several of which were dismissed because Plaintiff misrepresented his finances on IFP applications similar to the one Plaintiff submitted in this case. See, Emrit v. Yahoo, Inc.!, 2014 WL 3841015, at *2 (N.D. Cal. Aug. 4, 2014) (Armstrong, J.) (denying a motion to reconsider a prior denial of Plaintiff's IFP application where Plaintiff "omitted from his IFP application an inheritance of approximately $31,000 that he received in 2013"); Emrit v. Bank of Am., 566 Fed. App'x 265, 265 (4th Cir. April 17, 2014) ("The [district court] conducted a detailed review of Emrit's finances and filing history, observing that Emrit had enjoyed a substantially higher income for the previous twelve months; that he had asserted in another case, just two months prior, that he had $10,000 in a checking account; that another district court had recently found Emrit able to pay the filing fee; and that Emrit's living expenses were exorbitant. Based on these findings, the court was amply justified in concluding that Emrit's allegation of poverty was untrue."); see also Emrit v. Mohela Corp., Case No. 13-5952, Dkt. 11 (E.D. Mo. Feb. 4, 2014) ("Plaintiff's financial affidavit shows that he receives royalties from TuneCore (a company that allows artists to sell their music online), has received a very large inheritance within the past year and also has some funds at his immediate disposal.").

In light of the foregoing, the Court finds that Plaintiff has materially misrepresented his finances. Therefore, the Court orders Plaintiff to show cause why this action should not be dismissed with prejudice under § 1952(e)(2) and Rule 11 of the Federal Rules of Civil Procedure for filing a false IFP application. Plaintiff shall file a memorandum showing cause, of no more than five pages, by January 16, 2015. Plaintiff is warned that failure to comply with this order will

result in the dismissal of this action with prejudice.

**IT IS SO ORDERED**.

Dated: January 8, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge