UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>    Plaintiff,<br><br>    v.<br><br>VIROOL.COM,<br><br>    Defendant. | Case No.  14-cv-05471-EDL<br><br>**DISMISSAL ORDER** |

Plaintiff Ronald Satish Emrit filed his complaint and Application to Proceed In Forma Pauperis ("IFP application") on December 15, 2014.  On January 13, 2015, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  On January 8, 2015, this Court ordered Plaintiff to show cause why this action should not be dismissed with prejudice under 28 U.S.C. § 1952(e)(2) and Rule 11 of the Federal Rules of Civil Procedure for filing a false IFP application by January 16, 2015.  (Dkt. 10.)  The Court warned Plaintiff that "failure to comply with this order will result in the dismissal of this action with prejudice."  (Id.)  On January 20, 2015, Plaintiff filed a motion for recusal and an untimely response to this Court's order to show cause.  As set forth below, the Court DENIES Plaintiff's motion and dismisses this case with prejudice.

"[I]n the absence of a legitimate reason to recuse h[er]self, 'a judge should participate in cases assigned.'"  United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (quoting Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985)).  Recusal is appropriate only where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Id. at 913 (quoting Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178

---

[1] The Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c).  See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

(9th Cir. 2005)).  Moreover, "[t]he 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." Id. (internal quotation marks and citation omitted).  Here, Plaintiff's motion is largely duplicative of his response to the show cause order and fails to list any legitimate reason that would necessitate recusal.  Therefore, Plaintiff's motion is DENIED.

Furthermore, although Plaintiff argues in response to the show cause order that he is "indigent, disabled, and unemployed," Plaintiff admits that he "inherited a legacy of approximately $31,000 in three lump sum payments."  Although Plaintiff argues that he disclosed this inheritance on other IFP applications, this does not absolve Plaintiff of his responsibility to not misrepresent his financial situation in the present case.  Indeed, as detailed in the show cause order, the Emrit v. Yahoo, Inc. court dismissed a substantially similar IFP application.  See 2014 WL 3841015, at *2 (N.D. Cal. Aug. 4, 2014) (Armstrong, J.).  Plaintiff presents no persuasive reason why this Court should not do the same.  Accordingly, this action is DISMISSED with prejudice.  The Clerk shall close the file and terminate all pending matters.

**IT IS SO ORDERED**.

Dated: January 26, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge